```
                UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF NORTH CAROLINA
                        RALEIGH DIVISION
```

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **NATIONAL INDUSTRIAL CONTRACTORS, INC.** | **04-02909-5-ATS** |
| **DEBTOR** | |

## ORDER AWARDING SANCTIONS

The matter before the court is the order for Casey's Auto Sales to show cause for failing to comply with this court's order of December 9, 2005. A preliminary hearing took place in Raleigh, North Carolina on April 13, 2005, and an order was entered on April 13, 2005, making preliminary findings and continuing the hearing. The final hearing took place on June 1, 2005, in Raleigh, North Carolina.

National Industrial Contractors, Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code on August 10, 2004. On December 9, 2004, the court entered an order directing Casey's Auto Sales to turn over vehicles in the possession of Casey's and to provide an accounting of all repairs or maintenance performed for all outstanding amounts owed by the debtor to Casey's. The debtor received no response from Casey's, and Casey's did not comply with the order. On February 4, 2005, the debtor's counsel sent a letter to Casey's, enclosing a copy of the order and requesting immediate turnover and an

accounting.  Casey's did not respond to the letter, and the debtor filed a motion for a show cause order on March 23, 2005.

Casey's failed to appear at the show cause hearing on April 13, 2005.  The debtor's counsel represented that he spoke with a representative of Casey's on April 4, 2005, and that Casey's agreed to release the vehicles to a towing company.  At that time, the vehicles had not been recovered by the debtor, and the debtor did not have information regarding the condition of the vehicles.  The court preliminarily found that the debtor had incurred attorney's fees of $928.98 to pursue recovery of the vehicles and that it claimed damages of $2,500 for replacement vehicles.  The court continued the hearing and noted that it would consider any other claimed damages at the continued hearing.  The debtor now contends that since the first hearing, it incurred additional attorney's fees of $1,061 and discovered damage to the vehicles in the amount of $580.

Terry Casey appeared at the hearing on June 1, 2005, and testified that he learned of the bankruptcy filing in December 2004, at which time the debtor's counsel telephoned him to request information about the amounts owed by the debtor to Casey's.  Mr. Casey contends that the debtor did not request turnover of the vehicles at that time.  Mr. Casey contends that the first time he learned the debtor wished to recover the vehicles was when he received the notice of hearing on the motion to show cause.  Mr. Casey testified that he did not appear at

2

the show cause hearing because he assumed the court would enter an order whether or not he appeared. Mr. Casey further contended that he would have turned over the vehicles without opposition had he been asked to do so.

The motion for turnover and order directing turnover were served on Casey's Auto Sales at the correct address. The court presumes that they were received, and Mr. Casey's denial of receipt is not credible. Mr. Casey ignored the debtor's efforts to recover the vehicles as well as the court's order of turnover. On the other hand, the debtor was not particularly aggressive about pursuing recovery of the vehicles, and it is not entitled to its full damages for replacement vehicles.

Based on the foregoing, the court will award sanctions of one-half the amount requested for a total of $1,490 ($2,500 + $580 = $2,980 x 0.5 = $1,540), plus attorney's fees of $750. **WITHIN 10 DAYS OF THE DATE OF THIS ORDER, CASEY'S AUTO SALES IS DIRECTED TO PAY $750 TO THE ATTORNEY FOR THE DEBTOR, STUBBS & PERDUE, P.A., AT P.O. DRAWER 1654, NEW BERN, NORTH CAROLINA 28563. WITHIN 10 DAYS OF THE DATE OF THIS ORDER, CASEY'S AUTO SALES IS DIRECTED TO PAY $1,540 TO THE DEBTOR, NATIONAL INDUSTRIAL CONTRACTORS, INC., AT 301 SOUTH HIGHWAY 17, HOLLY RIDGE, NORTH CAROLINA 28445.**

SO ORDERED.

DATED: June 10, 2005

A. Thomas Small
United States Bankruptcy Judge

4